**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br>RICARDO JOSE ROSADO LOPEZ,<br><br>Debtor. | CASE NO. 26-00381 MAG13<br>Chapter 13<br><br>FILED & ENTERED ON 10/5/2026 |

**OPINION AND ORDER**

On January 31, 2026, Ricardo José Rosado López ("Debtor") filed a petition for relief under chapter 13 of the Bankruptcy Code. Pending before the court is the objection by Chapter 13 Trustee José R. Carrión (the "Trustee") to Debtor's claimed homestead exemption under Puerto Rico law. For the reasons stated below, the objection filed by the Trustee is denied and Debtor's homestead exemption is allowed.

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. BACKGROUND

On January 31, 2026, Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. Dkt. # 1.

On February 18, 2026, Debtor filed Schedule C, claiming a homestead exemption in his residence located at 115 Inabón St., Urb. Monte Rio, Cabo Rojo, Puerto Rico (the "Residential Property") under the Puerto Rico Homestead Right and Family Home Protection Act (the

"Homestead Act"), P.R. Laws Ann. tit. 31, § 1858. Dkt. # 10, at p. 12. Per Schedule C, the Residential Property is registered in the Puerto Rico Property Registry as Property Number 26,711. Id. Debtor scheduled the Residential Property with a value of $140,000 and claimed a homestead exemption in the amount of $77,847. Id. Schedule D further reflects that Banco Popular de Puerto Rico holds a security interest on the Residential Property with a claim in the amount of $62,153 secured with a mortgage over the same. Id. at p.14.

The 11 U.S.C. §341 meeting of creditors was held on March 9, 2026. Dkt. #13. Per the minutes, the meeting was held open for twenty-one (21) days and would be deemed closed thereafter. The minutes further state: "LOCAL HOMESTEAD EXEMPTION CASE - Debtor has failed to submit evidence of having complied with Articles 9, or 11 and 12, of the local law. A separate objection will be filed. The Trustee notes that he does not live on this property. His dependents live there with his wife. (separated)" Id.

On April 23, 2026, the Trustee objected to Debtor's claimed homestead exemption. Dkt. # 21. Relying on In re Pérez Hernández, 487 B.R. 353 (Bankr. D.P.R. 2013); Méndez García v. Rushmore Loan, 2018 U.S. Dist. LEXIS 168523 (D.P.R. Sept. 27, 2018); and Albarran v. Rivera (In re Rivera), 627 B.R. 765 (B.A.P. 1st Cir. 2021), the Trustee contends that Debtor failed to submit evidence that he asserted his homestead right before the petition date, as required by Article 9 of the Homestead Act.

The Trustee notes that Banco Popular de Puerto Rico filed a proof of claim for the debt secured with a lien encumbering the Residential Property. Claims Register # 8-1. The proof of claim includes a postpetition title search report showing that said property is registered in Debtor's name in the Puerto Rico Property Registry. According to the Trustee, because the Property was registered in Debtor's name, Debtor was required to comply with Article 9 of the

Homestead Act before filing the petition. The Trustee further asserts that the title search report contains no indication that Debtor's homestead right was declared, presented for recordation, or otherwise reflected in the Property Registry prior to the petition date.

Debtor responded that he properly claimed the homestead exemption. Dkt. # 22. Relying on In re Concepción, Case No. 13-01827(MCF7), Dkt. # 20 (Bankr. D.P.R. Aug. 7, 2013); In re Agosto Vega, 2025 Bankr. LEXIS 2779 (2025) (Bankr. D.P.R. Oct. 28, 2025); and In re Villanueva Ojeda, 2026 Bankr. LEXIS 973 (Bankr. D.P.R. Apr. 15, 2026), Debtor argues that Fed. R. Bankr. P. 4003(a) requires a debtor to claim exemptions solely by listing the exempt property on schedule C signed under penalty of perjury. Debtor maintains that he complied with Fed. R. Bankr. P. 4003(a) by listing the Residential Property on Schedule C, identifying the applicable Puerto Rico homestead-exemption statute, and stating the amount claimed as exempt. Debtor further contends that the Homestead Act must be construed liberally in favor of the exemption.

In his surreply, the Trustee argues that the authorities cited by Debtor are distinguishable. Dkt. # 28. The Trustee contends that Agosto Vega concerned a debtor's claim of a homestead right under Article 12 of the Homestead Act, whereas the present matter implicates Article 9. Specifically, Agosto Vega involved property co-owned by the debtor and other heirs who claimed the homestead under Article 12. Similarly, the Trustee argues that Concepción involved a debtor who was not the registered owner of the residential property according to the Property Registry and therefore had to proceed under Article 12.

With respect to Villanueva Ojeda, the Trustee asserts that the court applied federal bankruptcy procedure, under the *Erie* doctrine, to the debtor's claim of a Puerto Rico homestead exemption. According to the Trustee, although Villanueva Ojeda permitted the debtor to claim

the homestead exemption through schedule C, schedule C was required to be filed with the petition or within 14 days thereafter, absent an extension of time under Fed. R. Bankr. P. 1007(c)(1). The Trustee argues that Debtor did not satisfy this requirement because the petition was filed on January 31, 2026, but Schedule C was not filed until February 18, 2026. The Trustee further notes that Debtor did not seek an extension of time to file the Schedules before the expiration of the period prescribed by Fed. R. Bankr. P. 1007(c)(1).

In his surreply, Debtor responds that the Trustee's Fed. R. Bankr. P. 1007(c)(1) contention constitutes a new objection raised for the first time after expiration of the objection period under Fed. R. Bankr. P. 4003(b). Dkt. # 29. Debtor further argues that, even if the court considers the argument, the Schedules were filed only one day after the applicable deadline when Fed. R. Bankr. P. 9006(a) is applied. Debtor contends that neither the Bankruptcy Code nor the Bankruptcy Rules authorize disallowance of an otherwise valid exemption solely because of that delay. Debtor also notes that Fed. R. Bankr. P. 1009(a) permits amendment of schedules at any time before the case is closed.

At the confirmation hearing held on July 15, 2026, the parties argued their respective positions. Dkt. # 33. The court observed that, to claim a homestead exemption, a debtor or his or her family must own and reside in the property, and that Debtor satisfies both requirements.

The Trustee nevertheless argues that in this case, for Debtor to claim the exemption on Schedule C, the homestead deed had to have been presented in the Property Registry before the petition date. The Trustee distinguishes the authorities relied upon by Debtor on the ground that, here, the Residential Property is registered in Debtor's name and, therefore, Debtor can only

claim the exemption after having presented the homestead deed for recordation before filing the petition under Article 9 of the Homestead Act.[1]

Debtor, in turn, argues that he has satisfied the substantive requirements for the homestead exemption. Debtor therefore contends that he may claim the exemption on Schedule C without having presented a homestead deed in the Property Registry before the petition date.

On July 28, 2026, the Trustee filed a certified translation of the title-search report for the Residential Property, dated February 10, 2026. Dkt. # 36. The report reflects that the property is recorded in Debtor's name and that no homestead deed has been recorded as to the Residential Property.

## III. APPLICABLE LAW AND DISCUSSION

Upon the filing of a chapter 13 bankruptcy petition, all of debtor's assets become property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a). Under 11 U.S.C. § 522(b)(1), a debtor may exempt certain property from the bankruptcy estate that would otherwise be available for distribution to creditors. Nealon v. Matthews (In re Nealon), 2016 Bankr. LEXIS 193, at *18 (B.A.P. 1st Cir. Jan. 20, 2016). As the Supreme Court has explained, "[a]n exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." Owen v. Owen, 500 U.S. 305, 308 (1991). "Liberal construction of exemptions in favor of debtors falls easily within the ambit of the Bankruptcy Code's 'fresh start' policy." In re Toppi, 378 B.R. 9, 11 (Bankr. D. Me. 2007). "This 'fresh start' is only feasible if the debtor emerges

---

[1] Although the Trustee did not present this issue in his written submissions, he asserted at the confirmation hearing that Debtor was required to protect the claimed homestead right against judgment creditors—including a chapter 13 trustee—by recording, or presenting for recordation, a homestead declaration in the Property Registry. The Trustee further contended that, under 11 U.S.C. § 544(a), a chapter 13 trustee has the status of a hypothetical judicial lien creditor and may exercise the statutory avoidance powers. The court declines to address this unbriefed argument. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")

from bankruptcy with a means of providing the necessities of life, including a roof overhead, and the homestead exemption is directed at making this attainable." Bartlett v. Giguere (In re Bartlett), 168 B.R. 488, 493 (Bankr. D.N.H. 1994). Under 11 U. S.C. § 522(b), a debtor may elect either the federal bankruptcy exemptions listed in § 522(d), or the exemptions available under the law of the debtor's state of residence, together with applicable federal nonbankruptcy exemptions. Hildebrandt v. Collins (In re Hildebrandt), 320 B.R. 40, 43 (1st Cir. 2005). Pursuant to 11 U.S.C. § 522(l), a debtor must file a list of property claimed as exempt. Fed. R. Bankr. P. 4003(a) implements such statute by requiring a debtor to list exempt property on Official Form 106C, Schedule C.

Here, Debtor claimed a homestead exemption under Puerto Rico law, which recognizes a homestead right pursuant to the Homestead Act. P.R. Laws Ann. tit. 31, § 1858. The Homestead Act "is intended 'to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and their families in bankruptcy proceedings.'" Albarran v. Rivera (In re Rivera), 627 B.R. 765, 772 (B.A.P. 1st Cir. 2021) (quoting Méndez García v. Rushmore Loan, 2018 U.S. Dist. LEXIS 168523, at *5 (D.P.R. Sept. 27, 2018)). Pursuant to Article 3 of the Homestead Act, a claimant must own or lawfully possess the property and either the claimant or the claimant's family must occupy it exclusively as a principal residence. P.R. Laws Ann. tit. 31, § 1858.

The Homestead Act, however, "does not expressly address how Puerto Rico residents who file for bankruptcy must claim the homestead right in their bankruptcy petitions." In re Pérez Hernández, 487 B.R. 353, 365 (2013). In Pérez Hernández, the court held that to claim the Puerto Rico homestead exemption in bankruptcy, the debtor must have satisfied the Act's requirements as of the petition date. Id.; see also Méndez García, 2018 U.S. Dist. LEXIS 168523,

at *14 ("A bankruptcy debtor who wishes to properly claim the Puerto Rico Home Protection Act exemption must comply with the requirements of said law as of the date of the filing of the bankruptcy petition."). This result follows from 11 U.S.C. § 522(b)(3)(A), which determines the availability of exemptions in bankruptcy as of "the date of the filing of the petition."

For purposes of this dispute, the Homestead Act contains two relevant mechanisms for asserting or formalizing the homestead right. Article 9 is the ordinary recordation route for a titled, registered property such as the present case. Under Article 9, which applies when the owner holds title to the residential property and the property is registered in the Puerto Rico Property Registry, the claimant must execute a notarial act or public deed, before a notary public, declaring the property as one's homestead and recording the act or deed in the Property Registry. P.R. Laws Ann. tit. 31, § 1858f. The declaration then must be presented for recordation or annotation in the Property Registry. Id. Article 9 provides that "[s]uch declarations or notations shall only constitute prima facie evidence of the homestead right of such property." Id.

In turn, Articles 11 and 12 provide the means to claim the protection where the property is unregistered or the homestead right has not been recorded or annotated; through a sworn request made in the court where execution or similar collection proceedings are underway against the homestead claimant. P.R. Laws Ann. tit. 31, § 1858h-i. Article 11 states that "[t]he fact that a parcel has not been registered in the Property Registry, or that the declaration of homestead has not been filed with or entered in the Property Registry, shall in no way impair the owner's homestead right thereon, provided that such right has been timely claimed as provided in §1858i [Article 12] of this title." P.R. Laws Ann. tit. 31, § 1858h. Thus, Article 11 preserves the ability to invoke homestead protection notwithstanding the absence of a registry annotation. And, Article 12 requires that the claimant file a sworn motion in the court asserting the

homestead benefit within sixty (60) days after a creditor seeks execution against the residential property of the claimant to satisfy a judgment, seeks an attachment or preliminary annotation, or employs another mechanism to secure or enforce a judgment.[2] P.R. Laws Ann. tit. 31, § 1858i.

The Trustee bears the burden of proving that Debtor is not entitled to the exemption claimed. Fed. R. Bankr. P. 4003(c). That burden is significant in this instance in light of Puerto Rico law's policy favoring protection of the principal residence. The Homestead Act must be construed liberally in favor of the person asserting the exemption "to effectuate the humanitarian purpose of the lawmaker." Méndez García, 2018 U.S. Dist. LEXIS 168523, at *13-14. "[I]n Puerto Rico, '[h]omestead exemptions are to be construed liberally on behalf of the homesteader.'" In re Rivera, 627 B.R. at 772 (quoting In re Estrada Lopez, 2013 Bankr. LEXIS 2800 (Bankr. D.P.R. July 10, 2013)).

Here, the record establishes that Debtor owns and that he or his family resides in the Residential Property. Thus, Debtor satisfies the substantive predicates for homestead protection under the Homestead Act: ownership and use of the property as a principal residence. The Trustee does not dispute either fact. Rather, the Trustee contends that Debtor's exemption fails because he did not record, or present for recordation, a homestead deed or act in the Property Registry before filing the bankruptcy petition as required by Article 9 of the Homestead Act.

The court acknowledges that Pérez Hernández stated that Article 9 governs where the property is registered in the Property Registry and that a bankruptcy debtor claiming homestead in registered property must show prepetition compliance with Article 9. 487 B.R. at 368. In this case, Debtor could have used Article 9's Registry-based procedure before filing this case.

---

[2] Act No. 8 of January 4, 2026, amended Article 12 of the Puerto Rico Homestead Act to extend the period for filing a sworn motion asserting the homestead right in court from 30 to 60 days. See https://aldia.microjuris.com/wp-content/uploads/2026/01/Ley-Num.8-2026.pdf.

However, the court declines to interpret Article 9 as converting recordation, or prepetition presentment for recordation, into a substantive prerequisite to an otherwise valid homestead claim in bankruptcy.

Article 9 provides a means to formalize the homestead declaration and place third parties on notice through the Property Registry. But the lack of a recorded declaration does not, standing alone, negate the underlying homestead right. As the District Court stated in Méndez García, "Article 9 does not entail a recordation requirement directed at homestead claimants upon which the validity of a homestead rights declaration depends." 2018 U.S. Dist. LEXIS 168523, at *17. Rather, "the recordation mandate included in Article 9 is directed at the Property Registry of Puerto Rico regarding notarial acts declaring homestead rights that titular registrants may present in order to secure legal rights over real property before third parties Id.* at 17. The court in Pérez Hernández likewise recognized that the Property Registry ordinarily is declarative in nature and that recordation generally is not required to establish the validity of a transaction, except where the law expressly so provides. 487 B.R. at 366.

Article 11 reinforces that conclusion. It expressly states that the absence of an entry in the Property Registry does not impair the owner's homestead right, subject to timely assertion under Article 12. P.R. Laws Ann. tit. 31, § 1858h. In an ordinary Puerto Rico enforcement proceeding, Article 12 requires a sworn court motion to invoke the right within sixty (60) days after a creditor seeks execution against the claimant's residential property to satisfy a judgment, or otherwise pursues an attachment, preventive annotation, or comparable judgment-enforcement measure.

The court declines to construe the Homestead Act to impair a debtor's homestead right in bankruptcy based solely on the absence of registry recordation under Article 9 where the

Homestead Act does not expressly make this condition a substantive prerequisite to such right. After all, "the intent of the Puerto Rico Legislature is to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and their families in bankruptcy proceedings." In re Pérez Hernández, 487 B.R. at 356.

Moreover, the court finds persuasive the conclusion in Villanueva Ojeda that the procedural means of asserting the exemption is governed by federal bankruptcy law. 2026 Bankr. LEXIS 973, at *10. Applying the *Erie* doctrine, the court explained that, although state law supplies the substantive basis for an exemption elected by a debtor, federal law governs the procedures by which the exemption must be claimed and adjudicated in bankruptcy. Id. at 7. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) (establishing that federal courts apply state substantive law and federal procedural law). Thus, Puerto Rico law remains controlling as to the property interest protected by the Homestead Act, the persons entitled to invoke it, and the substantive requirements for its availability. The Bankruptcy Code and Rules, however, govern the manner in which the exemption is asserted, including the filing of schedules and litigation of objections. See 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003(a)-(b).

In Villanueva Ojeda, the Chapter 13 Trustee objected to a claimed homestead exemption in co-owned property based, among other things, on the absence of information regarding the residence's registry inscription and the asserted need for the co-owners' consent. The court overruled the objection. It held that a debtor claims an exemption under Fed. R. Bankr. P. 4003(a) through schedule C and "not by deed, not by sworn motion, and not by sworn statement." 2026 Bankr. LEXIS 973, at *12. It also concluded that the relevant inquiry is whether the debtor meets Puerto Rico's substantive requirements, including ownership and residence, and whether the exemption is properly identified on schedule C. As stated by the

court, "the inscription of the homestead right in the Property Registry serves the purpose of providing public notice, and not as a substantive requirement to claim the homestead exemption in bankruptcy." 2026 Bankr. LEXIS 973, at *12-13.

The court has also considered Banco Popular de Puerto Rico v. Santiago-Salicrup, 630 B.R. 374 (D. P. R. 2021). There, the District Court reversed the bankruptcy court's allowance of a homestead exemption because the record did not establish that the debtor's ownership interest had been registered in the Property Registry as of the petition date and the debtor had not shown compliance with Articles 11 and 12 applicable to unregistered property. To the extent Santiago-Salicrup restates Pérez Hernández's observation that a debtor with registered property must demonstrate prepetition compliance with Article 9, this court reads that discussion in the context of the issue presented there: whether a debtor whose ownership interest was not registered could invoke Article 9 rather than Articles 11 and 12. The Santiago-Salicrup court did not conduct the analysis of Villanueva Ojeda, distinguishing Puerto Rico's substantive requirements from the federal bankruptcy procedure for asserting the exemption on schedule C.

The court finds the reasoning in Villanueva Ojeda persuasive. Although that case involved co-owned property, its distinction between Puerto Rico substantive law and federal bankruptcy procedure applies here as well. Schedule C supplies the procedural mechanism for asserting a homestead exemption in bankruptcy; ownership and principal-residence use are the relevant substantive conditions shown on this record.

Here, Debtor properly asserted the exemption on Schedule C by identifying the Residential Property, the applicable Puerto Rico homestead statute, and the amount claimed as exempt. Debtor signed the Schedules under penalty of perjury. These disclosures gave the Trustee and creditors notice of the claim and the opportunity to object under Fed. R. Bankr. P.

4003(b). The Trustee does not dispute Debtor's ownership of the Residential Property, nor that he or his family reside there as a principal residence.

The court therefore holds that Debtor's failure to record, or present for recordation, a homestead declaration under Article 9 before the petition date does not defeat his otherwise valid claim for a Puerto Rico homestead exemption in Schedule C in this bankruptcy case. Because Debtor has demonstrated ownership and principal-residence use of the Residential Property, and the Trustee has not satisfied the burden imposed by Fed. R. Bankr. P. 4003(c), to prove that the exemption was not properly claimed, the objection is overruled.

The Trustee argues in his sur-reply that under Villanueva Ojeda, Schedule C was required to be filed with the petition or within 14 days thereafter, absent an extension of time under Fed. R. Bankr. P. 1007(c)(1) and that Debtor failed to do so. The court does not consider the Trustee's argument under Fed. R. Bankr. P. 1007 as an independent basis to deny the claimed exemption. The Trustee's original objection challenged the absence of an Article 9 declaration; it did not challenge the timeliness of Schedule C. The Fed. R. Bankr. P. 1007(c)(1) ground was raised in reply, after the Fed. R. Bankr. P. 4003(b) objection period had expired. A reply may respond to arguments raised in an opposition, but it may not introduce a new ground for objection after expiration of the objection deadline.

But, even if the court were to consider the argument, the result would be the same. Fed. R. Bankr. P. 1007(c)(1) establishes a deadline for filing schedules; it does not prescribe forfeiture or disallowance of an otherwise valid claimed exemption as the sanction for a delay in so doing. The Rules instead provide mechanisms for an extension, dismissal in appropriate circumstances, and amendment. Fed. R. Bankr. P. 1009(a) permits amendment of schedules before the closing of the case. Debtor filed Schedule C on February 18, 2026. Whether the filing was one day late

under the governing computation rules or otherwise tardy, the delay alone does not eliminate a valid exemption claim where Debtor listed the Residential Property on Schedule C and complied with the substantive requirements to claim the same under the Homestead Act.

## IV. CONCLUSION

For the foregoing reasons, the Trustee's objection at Dkt. # 21 to Debtor's claimed homestead exemption is denied. Therefore, Debtor is entitled to the homestead exemption over the Residential Property.

**IT IS SO ORDERED.**

In Ponce, Puerto Rico, this 5th day of October 2026.

María de los Ángeles González
United States Bankruptcy Judge